1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

AT SEATTLE

10

| | |
|---|---|
| 11  IPT, LLC, | Case No. 2:17-cv-239 |
| 12        Plaintiff | |
| 13  v. | COMPLAINT FOR DECLARATION OF PATENT NON-INFRINGEMENT, |
| 14  HIGEAR DESIGN, INC. and JOHN MITTELSTADT | DAMAGES, AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF |
| 15        Defendants | |
| 16 | **Jury Trial Demanded** |

17

18        Plaintiff IPT, LLC ("IPT"), brings this action against Defendants HiGear Design, Inc.

19  ("HiGear") and John Mittelstadt ("Mittelstadt"), for damages, declaratory judgment, and other

20  appropriate relief. Plaintiff states and alleges as follows:

21                                              **The Parties**

22        1.        IPT is an Oregon limited liability company with its principal place of business at

23  5200 SW Meadows Rd., Ste. 150, Lake Oswego, OR 97035.

24        2.        HiGear is a California corporation with its principal place of business at 20 Val

25  Vista Road, Mill Valley, CA 94941.

26
27

MOHR IP LAW SOLUTIONS P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

3.      Mr. Mittelstadt is an individual residing, on information and belief, at 20 Val Vista Road, Mill Valley, CA 94941. He is the named and sole inventor on United States patent number D746,080 (the '080 patent). At the time of the events alleged below, there was no assignment from him publicly available at the Patent & Trademark Office website.

**Jurisdiction and Venue**

4.      IPT alleges that a real and immediate case and controversy exists between it and HiGear as to whether IPT's travel pillows infringe the '080 patent under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* HiGear has asserted to Amazon.com, Inc. ("Amazon")—a Delaware corporation famously based in Seattle with its principal place of business at 410 Terry Avenue, Seattle, WA 98109—that IPT infringes "their design patent rights" in the '080 patent, caused Amazon to remove IPT's pillow listings from its website, and rejected IPT's contention that its pillow does not infringe. IPT seeks declaratory judgment of non-infringement under 28 U.S.C. § 2201, as well as damages for unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), and bad faith patent enforcement under Oregon Revised Statute 646A.810 and Revised Washington Code 19.350.020.

5.      This Court has subject matter jurisdiction over IPT's claims for declaratory judgment and under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338(a), (b). IPT also asserts claims under Oregon and Washington state law, which are so related to the federal question claims that they are part of the same case and controversy, and therefore fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over HiGear and Mr. Mittelstadt pursuant to Washington Revised Code 4.28.185(1) because it has transacted business within Washington with the purpose to harm IPT, and actually did harm IPT, and in doing so also committed a tortious act within Washington. Mr. Mittelstadt is an officer of HiGear and so, because there was no assignment of record at the PTO, it can be inferred that he was directly responsible for HiGear's infringement claims. HiGear commonly sells products competing with IPT via Amazon, which requires a Participation Agreement designating Washington state law.

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and 1400(b) because HiGear regularly transacts and solicits business in this district including with respect to the patent enforcement actions at issue in this case. At least one third-party witness, namely Amazon, resides and maintains relevant records in this judicial district.

**The Patent-in-Suit**

8.     The '080 patent, attached as Exhibit A and incorporated by reference, issued December 29, 2015 to Mr. Mittelstadt.

9.     The '080 patent is directed to an "ornamental design for a headrest pillow," as shown and described in its figures. *See* Ex. A.

**Defendants' Actions**

10.     HiGear, made a complaint to Amazon during the winter holiday shopping season, asserting that it owned rights in the '080 patent and that IPT's pillow listing there (ASIN: B01HLC0HOI) infringed. *See* Email from Amazon to IPT dated December 27, 2016, attached as Exhibit B and incorporated by reference.

11.     The complaint to Amazon was, on information and belief, made by "Nicole Enriquez," who is not listed as a patent practitioner admitted to the USPTO or an attorney at law in California.

12.     HiGear sold using Amazon before its complaint, and has continued since, travel pillows that compete against IPT's pillows.

13.     Neither HiGear nor Mr. Mittelstadt provided IPT with any prior notice of its infringement claim, and did not notify IPT of its complaint to Amazon.

14.     HiGear previously sued Amazon in the United States District Court for the Southern District of California for patent infringement (*see* case no. 3:16-cv-01110-LAB-JL, filed 05/09/2016). In that complaint, HiGear asserted other patents and did not mention the '080 patent. Those parties jointly dismissed the lawsuit with prejudice on September 23, 2016.

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

15.    IPT provided Amazon with a letter from its patent attorney offering an opinion that significant design elements in the '080 patent were absent from IPT's pillow. Amazon refused to reinstate IPT's listings.

16.    In no instance did HiGear or Mr. Mittelstadt, in making its assertion of patent infringement against IPT, provide IPT with the '080 patent, any factual allegations relating to the specific areas in which IPT's pillows infringe or are covered by the '080 patent, or any indication that it conducted an infringement analysis.

17.    IPT's counsel wrote directly to HiGear, identifying the missing design elements and making demand for $5,000 to compensate for lost sales. *See* Letter, attached as Exhibit C and incorporated by reference.

18.    In response to IPT's letter to HiGear, its counsel did not provide any description of any infringement analysis, did not attempt to negotiate, but simply rejected IPT's explanation that significant design elements in the '080 patent are missing from IPT's pillows. *See* Email, attached as Exhibit D and incorporated by reference.

19.    Absent a declaration of non-infringement, Defendants will continue to wrongfully allege that IPT's products infringe the '080 patent, and thereby cause IPT irreparable injury and damage.

**Missing Design Elements**

20.    Prominent design features shown in the '080 patent include without limitation a pattern on the rear bottom, an angled rear end, and a deep inward and downward scallop from the rear top.

21.    IPT's pillow does not contain these design features.

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

22.     A bottom view of the '080 patent claims:



*Fig. 3*

23.     A comparison of HiGear's (left) and IPT's (right) pillows' bottom views:



24.     A comparison of side views shows the missing slope on the IPT pillows' back ends and the lack of a scallop which, in the '080 patent and HiGear's pillows, create two prominent points on the rear that are absent from IPT's pillows:

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214



| '080 patent | IPT pillow |
|---|---|

Fig. 4

Higear Product          IPT Product

25.     A rear-view comparison shows the distinct scallop the '080 patent claims on the bottom that is absent from IPT's pillow, as well as the printed design on the '080 patent that is absent and replaced with an hourglass-shaped fabric band and an elastic strap on IPT's pillow:



Fig. 5

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

Higear Product        IPT Product

### COUNT 1

### Declaration of Non-infringement of U.S. Patent No. D746,080

26.     As a result of Defendants' actions, there is a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

27.     A judicial declaration is necessary and appropriate so that IPT may ascertain its rights regarding its products and the '080 patent.

28.     IPT is entitled to a declaratory judgement, pursuant to 28 U.S.C. § 2201, that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '080 patent under 35 U.S.C. § 271 or § 289.

29.     IPT has suffered, and will continue to suffer, permanent and irreparable injury, for which IPT has no adequate remedy at law.

30.     IPT is entitled to preliminary and permanent injunctive relief as provided by 35 U.S.C. § 283.

31.     This is an exceptional case and IPT is entitled to its attorney fees under 35 U.S.C. § 285.

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

## COUNT 2

### Federal Unfair Competition, False Advertising under 15 U.S.C. § 1125(a)

32.     In connection with their goods and services, Defendants' marketplace allegations to Amazon that IPT was infringing the '080 patent were false or misleading representations of fact in commercial advertising or promotion that misrepresented the nature, characteristics, or qualities of IPT's goods, services, and commercial activities.

33.     Defendants never provided, and still have not provided, IPT with any information as to the design features they believed IPT was infringing, did not file a lawsuit or seek any other ruling from an adjudicatory body, and have never provided IPT with information to show that HiGear even had rights to enforce the '080 patent.

34.     On information and belief, Defendants knew, or should have known, that IPT's listed pillows did not infringe the '080 patent.

35.     On information and belief, HiGear's prior lawsuit against Amazon with different patents and different parties made Amazon more likely to remove challenged listings from a smaller company like IPT based solely on HiGear's allegations. Defendants, on information and belief, exploited this leverage with Amazon against IPT to Defendants' advantage and stripped IPT of a critical trade channel, gaining an unfair competitive advantage.

36.     On information and belief, Defendants knowingly and falsely exaggerated the scope of the '080 patent to chill competition from IPT, implying that IPT could not manufacture a U-shaped travel pillow lacking the distinctive design elements of the '080 patent.

37.     Such false representations constitute unfair competition and false advertising under 15 U.S.C. § 1125(a).

38.     As a result of Defendants' conduct, IPT has suffered and will suffer damage to its business, market reputation, and goodwill, and may discourage current and potential customers from dealing with IPT. Such irreparable damage will continue unless Defendants are enjoined from alleging that IPT's pillow listings infringe the '080 patent.

MOHR IP LAW SOLUTIONS P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

39.     IPT seeks all damages it has sustained, and will sustain as a result of Defendants' conduct, and all gains, profits, and advantages obtained by Defendants as a result of their conduct, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorney fees and treble damages pursuant to 15 U.S.C. § 1117(b).

## COUNT 3

### Washington Unfair Business Practices and

### Bad Faith Assertions of Patent Infringement, RCW 19.86 *et seq.* and 19.350.020

40.     Defendants' actions directing Amazon to remove IPT's listings and access to a key commerce channel, during the winter holiday shopping season, without notifying IPT beforehand, providing any copies of the '080 patent or any infringement analysis or other description of the features of IPT's pillows that Defendants believe create infringement, constitute bad faith assertions of patent infringement under RCW 19.350.020, and violations of RCW 19.86 *et seq.* including, but not limited to, 19.86.020, -.030, -.040, -.050, and 0.093.

41.     The provisions of RCW 19.350.020 are actionable under RCW 19.86.020. *See* RCW 19.86.093; 19.350.005.

42.     Defendants did not send a demand letter to IPT or file its claims as part of a civil action as contemplated in RCW 19.350.020(6).

43.     Defendants' infringement allegations are objectively baseless, given the absence of the '080 patent's most prominent design elements and in view of the large variety of U-shaped travel pillows sold previously and on the market today.

44.     IPT seeks damages, treble damages, and attorney fees pursuant to RCW 19.86.090.

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

**COUNT 4**

**Oregon Bad Faith Patent Infringement Claim**

**and Enforcement as Unlawful Practice, ORS 646A.810, 646.608, 646.638**

45. Defendants' actions constitute patent infringement claims made in bad faith and enforcement as an unlawful practice pursuant to Oregon Revised Statutes 646A.810(2), 646.608(yyy), 646.638(1).

46. HiGear's communications to Amazon constitute a "demand" and IPT is a "recipient." ORS 646A.810(c), (d).

47. Defendants' infringement allegations are objectively baseless, given the absence of the '080 patent's most prominent design elements and in view of the large variety of U-shaped travel pillows sold previously and on the market today.

48. IPT seeks damages, punitive damages, attorney fees, and costs, pursuant to ORS 646.638(1), (3).

**PRAYER FOR RELIEF**

WHEREFORE, IPT respectfully requests judgment against Defendants as follows:

1. Declaring that IPT has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '080 patent, in violation of 35 U.S.C. § 271 or 289;

2. Issuing preliminary and permanent injunctive relief against Defendants, and that Defendants and each of their officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation withdraw their claims to Amazon and be restrained from alleging, representing, or otherwise stating that the IPT pillow infringes any claims of the '080 patent or from instituting any action or proceeding alleging infringement of any claims of the '080 patent against IPT or any customers, manufacturers, users, importers, or sellers of IPT's pillows;

3. Declaring IPT as the prevailing party and this case as exceptional, and awarding IPT its reasonable attorney fees, pursuant to 35 U.S.C. § 285;

Mohr IP Law Solutions P.C.
522 SW 5th Ave., Ste. 1390
Portland, OR 97204
(503) 336-1214

1    4.    Awarding IPT all damages caused by Defendants' unlawful acts, including

2    punitive damages and pre- and post-judgment interest, as provided by law;

3    5.    That Defendants be ordered to pay all fees, expenses and costs associated with

4    this action; and

5    6.    Awarding such other and further relief as this Court deems just and proper.

6

7                              **DEMAND FOR JURY TRIAL**

8    IPT demand a trial by jury on all issues so triable.

9

10   Respectfully submitted,

11   MOHR IP LAW SOLUTIONS, P.C.

12   By:  /s/ Matthew N. Miller

13         Matthew N. Miller, WSBA 48704
           522 SW 5th Avenue, Suite 1390
14         Portland, OR 97204
           Email: matthew@mohriplaw.com
15         Telephone: 503-336-1214

16         *Attorney for IPT, LLC*

17

18

19

20

21

22

23

24

25

26

27